UNITED STATES DISTRICT COURT      O
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant |
|---|---|
| Alexander Rosenberg | Thomas Proctor |

**Proceedings:**     DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Docket #8, filed August 8, 2013)

## I.  INTRODUCTION

Plaintiff Sharon David filed this action in Los Angeles County Superior Court on May 10, 2013 against defendant Allstate Insurance Company.  Defendant filed a timely notice of removal in this Court on June 27, 2013, based on diversity of citizenship. Plaintiff's complaint alleges claims for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty.  Compl. ¶¶ 23-47.

Defendant filed an answer on June 24, 2013, prior to the removal of this action to this Court.  Defendant filed a motion for judgment on the pleadings on August 8, 2013. Plaintiff filed an opposition on August 27, 2013.  Defendant filed a reply on August 29, 2013.  The Court held a hearing on September 9, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff is a resident of Los Angeles County, Compl. ¶ 5, and defendant is an Illinois corporation with its principal place of business in Illinois, Def. Notice Removal ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

Plaintiff alleges that she suffered "a loss due to an unforeseen event at the hands of" James A. Johnson ("Johnson") on October 17, 2007. Id. ¶ 30.[1] Johnson owns property located at 11004 Eastwood Avenue in the City of Lennox. Id. ¶ 25. At the time of the "unforeseen event," plaintiff alleges that Johnson owned an insurance policy, underwritten by defendant, covering the Eastwood Avenue property.[2] Id. ¶ 27.

Plaintiff alleges that she filed a claim with defendant, requesting compensation for the injuries caused by Johnson. Id. ¶ 31. Defendant rejected plaintiff's claim. Plaintiff alleges that defendant's denial of her claim constituted breach of the insurance contract between Johnson and defendant, id. ¶ 32, as well as a breach of the implied covenant of good faith and fair dealing, id. ¶ 37, and a breach of the fiduciary duty owed by defendant to Johnson, id. ¶ 42. Plaintiff alleges damages in excess of $300,000. Id. ¶ 33.

In its answer, defendant generally denies the allegations of the complaint pursuant to California Code of Civil Procedure section 431.30. Answer 2: 4-5. Defendant also raises 40 defenses. Id. at 2-9.

---

[1] Plaintiff appended a letter from defendant's counsel to the Complaint as Exhibit 1. The letter sets out substantial factual background that is absent from the complaint. It is unclear if plaintiff intends to incorporate the factual background contained in the letter into the Complaint, because plaintiff makes scant reference to the letter in the Complaint, other than a statement that "[d]efendant engaged in unfair claims practices . . . memorialized . . . in their correspondence . . . attached hereto as Exhibit 1." Compl. ¶ 22. Given this uncertainty, the Court assumes for the purpose of this motion that plaintiff does not allege the facts contained in Exhibit 1.

[2] The letter appended as Exhibit 1 describes the "unforeseen event" in greater detail. According to the letter, Johnson attacked plaintiff on October 17, 2007. He allegedly appeared at plaintiff's front door, holding a hammer. Upon seeing Johnson, plaintiff allegedly fled her apartment and was pursued by Johnson, who allegedly "punch[ed] and beat [plaintiff] about her head and body." Compl. Ex. 1, p. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

### III.   LEGAL STANDARD

####   A.   Fed. R. Civ. P. 12(c)

Judgment on the pleadings is proper if no material issues of fact remain to be resolved, and the moving party shows that it is entitled to judgment as a matter of law. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  In considering a motion for judgment on the pleadings, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party.  NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994).  For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial.  5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).  When a motion for judgment on the pleadings is used to raise the defense of failure to state a claim, it is evaluated under the same standard as motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  McGlinchy, 845 F.2d at 810.

####   B.   Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

**IV. DISCUSSION**

    **A.    Plaintiff's Claims for Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing**

    Plaintiff alleges that she suffered harm from an alleged breach of an insurance contract between Johnson and defendant, Compl. ¶¶ 32-33; Opp. Mot. Dismiss 5, and from defendant's breach of the implied covenant of good faith and fair dealing, Compl. ¶¶ 35-38. Defendant argues that plaintiff lacks standing to sue for breach of contract because she is not a party to the insurance contract between Johnson and defendant, and also may not sue as a third-party beneficiary. Def. Mot. Dismiss 3-4. Moreover, defendant argues that plaintiff has not stated a claim for violation of the duty of good faith and fair dealing because that duty does not exist outside of a contractual relationship. Id. at 4-5.

    The Court finds that plaintiff has not stated a claim against defendant for breach of contract or for breach of the implied covenant of good faith and fair dealing. In the insurance context, a third-party claimant may not commence a contract action directly against an insurer without first establishing the liability of the insured. Zahn v. Canadian Indem. Co., 57 Cal. App. 3d 509, 513 (1976). In addition, although an action for breach of the implied covenant of good faith and fair dealing sounds in tort, "it derives from and exists solely because of a contractual relationship between the parties." Austero v. Nat'l Gas Co., 62 Cal. App. 3d 511, 515 (1976).

    In Zahn, for example, the plaintiffs had been involved in an automobile collision with Sara Peet, who was covered by a liability insurance policy issued by the defendant Canadian Indemnity Insurance Company. Id. at 511. The plaintiffs in Zahn alleged that they were third-party beneficiaries of the insurance contract between Peet and Canadian, and that Canadian therefore owed them a duty of good faith and fair dealing. Id. at 512. They argued that Canadian breached that duty by refusing to settle their claims against Peet within the policy limits. Id. The court rejected the plaintiffs' claim, explaining that they were required to establish the liability of Peet in a separate action before suing the insurer on a contract theory. Id. at 513-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

In this case, like in Zahn, plaintiff has not alleged that she has established the liability of Johnson, defendant's insured. See id. at 513-14. Furthermore, she has not alleged any other potential basis for suing defendant on a contract to which she is not a party. Exhibit 1 of the complaint alludes to a stipulated judgment obtained by plaintiff against Johnson, as well as an assignment of rights under the insurance contract from plaintiff to Johnson. Compl. Ex. 1, p. 3. Similarly, plaintiff makes passing reference to such an assignment in her opposition. Opp. Mot. Dismiss 5. However, in the absence of any explicit reference to such an assignment or judgment in the body of the complaint, it appears to the Court that plaintiff did not intend to allege their existence as part of the basis for her action against defendant. And, unless she alleges a contractual relationship with defendant, plaintiff cannot state a claim for breach of contract or the associated implied covenant of good faith and fair dealing. Austero, 62 Cal. App. at 515.

### B.     Plaintiff's Claim for Breach of Fiduciary Duty

Plaintiff alleges that she suffered harm from defendant's breach of a fiduciary duty that defendant owed to Johnson. Compl. ¶¶ 41-43; Opp. Mot. Dismiss 5-6. Defendant responds that it does not owe a fiduciary duty to its own customers, and therefore could not owe such a duty to plaintiff. Def. Mot. Dismiss 5.

Plaintiff has not stated a claim for breach of fiduciary duty because the insured-insurer relationship is not a true fiduciary relationship, even if it resembles one in some respects. H. Walter Croskey, et al., Cal. Practice Guide: Insurance Litigation § 11:146 (2013). Rather, the insured-insurer relationship is governed by the terms of the insurance contract. Gibson v. Gov't Employees Ins. Co., 162 Cal. App. 3d 441, 449-50 (1984). An insured can obtain relief for breaches of this fiduciary-like relationship, but only through an action for breach of the covenant of good faith and fair dealing implied in the insurance contract. Tran v. Farmers Group, Inc., 104 Cal. App. 4th 1202, 1212 (2002). Therefore, even if plaintiff had adequately alleged a basis for suing under the insurance contract between Johnson and defendant, an action for breach of fiduciary duty is unavailable here. See id.

UNITED STATES DISTRICT COURT                O
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4665-CAS (PLAx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY, ET AL. | | |

**V.    CONCLUSION**

Based on the foregoing, the Court hereby GRANTS defendant's motion to dismiss without prejudice. Plaintiff shall have until **October 9, 2013** to file an amended complaint that corrects the deficiencies identified herein. Failure to do so may result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |