UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Alexander Rosenberg | | Thomas Proctor |

**Proceedings:**   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (Dkt. #37, filed July 14, 2014)

## I.   INTRODUCTION

Plaintiff Sharon David filed this action in Los Angeles County Superior Court on May 10, 2013 against defendant Allstate Insurance Company and Does 1 through 50 ("defendant," or "Allstate"). Dkt. 1. Defendant filed a timely notice of removal in this Court on June 27, 2013, based on diversity of citizenship. Id. Prior to the removal of the action to this Court, defendant filed an answer on June 24, 2013. Id. Defendant subsequently filed a motion for judgment on the pleadings on August 8, 2013, dkt. 8, which the Court granted with leave to amend by order dated September 9, 2013, dkt. 15. Plaintiff filed her operative First Amended Complaint ("FAC") on October 4, 2013. Dkt. 16. The FAC asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, infliction of emotional distress, and punitive damages arising from Allstate's alleged breach of its duty to defend its insured, James A. Johnson ("Johnson"), in a civil action filed against Johnson by plaintiff in Los Angeles County Superior Court ("The Superior Court Action") on October 6, 2009. FAC ¶¶ 31-58.

On November 27, 2013, defendant filed a motion for judgment on the pleadings directed to the FAC. Dkt. 22. The Court denied defendant's motion on January 30, 2014. Dkt. 32. The Court found that allegations of general negligence contained in plaintiff's complaint against Johnson in the Superior Court Action supported a reasonable inference that, at the time that the Superior Court Action commenced, there was a "potential for coverage" and therefore a duty to defend Johnson on the part of Allstate. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

Defendant filed a motion for summary judgment or, in the alternative, partial summary judgment on July 14, 2014.  Dkt. 37.  Plaintiff filed an opposition on August 1, 2014, dkt. 44, and defendant replied on August 11, 2014, dkt. 45.[1]  On August 25, 2014, the Court held a hearing.  Having considered the parties' arguments, the Court finds and concludes as follows.

---

[1] Defendant also filed evidentiary objections to all twelve exhibits submitted by plaintiff in opposition to the present motion for summary judgment on the grounds that each exhibit lacked authentication pursuant to Federal Rule of Evidence 901, lacked foundation pursuant to Rule 602, and constituted inadmissible hearsay pursuant to Rule 802.  Dkt. 45.  Four of the objected-to exhibits are letters sent from Allstate or its agents to Johnson.  Def.'s Obj. ¶¶ 4, 6, 7, 12.  Because these four letters appear genuine and are opposing-party statements excluded from the rule against hearsay, Fed. R. Evid. 801(d)(2), the Court OVERRULES defendant's objections to the letters.  Defendant's objection to plaintiff's exhibit "Recorded Statement of James Johnson on June 10, 2010," id. at ¶ 3, is also OVERRULED; the exhibit is consistent with the authenticated transcript of the recording provided by Allstate and is not hearsay, since it is not offered by plaintiff for the truth of the matter asserted therein.  Allstate also objects to four exhibits consisting of documents filed in Los Angeles County Superior Court: Minute Order Acquitting Johnson of LASC No. SA065749; Second Cause of Action for General Negligence LASC No. SC105161; Answer and Cross-Complaint Filed by Johnson in the Underlying Action; Judgment Entered by Judge Lisa Hart Cole in the Underlying Action.  Id. at ¶¶ 1, 2, 8, 10.  The Court OVERRULES these objections because the documents appear authentic on their face and are otherwise admissible pursuant to the public record exception to the rule against hearsay, Fed. R. Evid. 803(8).  The Court also OVERRULES defendant's objections to the following three exhibits: Johnson's Statement in the Police Report Dated October 17, 2007; Authorization and Assignment of Interest from Johnson to David; Letter from Alexander Rosenberg to Allstate Dated June 6, 2011.  Id. at ¶¶ 5, 9, 12.  All of these exhibits appear authentic on their face and are not inadmissible hearsay, since plaintiff does not offer the exhibits for the truth of the matter asserted therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

## II. BACKGROUND

This case involves a homeowners' insurance policy ("the Policy") that covers bodily injury resulting from "an accident." The relevant facts are not in dispute.

Allstate issued the Policy to Johnson, which was in effect on October 17, 2007. Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 1; see generally Plaintiff's Statement of Genuine Disputes ("PSGD"). On October 17, 2007, Johnson and plaintiff Sharon David had a physical altercation. PSGD ¶ 1; see generally DSUF. Although plaintiff and Johnson continue to disagree as to the details of the altercation, plaintiff and Allstate agree on a key fact: Johnson struck plaintiff during the October 17, 2007 altercation. DSUF ¶ 6; see generally PSGD.

The altercation resulted in issuance of a criminal complaint against Johnson for attempted murder, attempted voluntary manslaughter, burglary, and assault with a deadly weapon. Pl.'s Opp'n, Ex. 1. In 2008, a jury acquitted Johnson on all counts. Id. On May 20, 2010, Allstate received a fax from plaintiff's counsel containing a copy of the personal injury complaint that plaintiff had filed against Johnson in the Superior Court Action on October 6, 2009. DSUF ¶ 3; see generally PSGD. On its face, plaintiff's complaint asserts causes of action against Johnson for intentional tort and general negligence arising from the October 17, 2007 altercation. PSGD ¶ 3; Def.'s NOL Ex. 2. Plaintiff's complaint alleges that on that date, Johnson stalked plaintiff, confronted her with a hammer, chased her down a stairwell, and punched and bit plaintiff. DSUF ¶ 5; see generally PSGD.

On June 10, 2010, Allstate took a recorded statement from Johnson regarding the October 17, 2007 altercation. DSUF ¶ 6; PSGD ¶ 5. In his recorded statement, Johnson maintained that plaintiff was the initial aggressor in the altercation, and stated he hit and bit plaintiff in self-defense. DSUF ¶ 6; Def.'s NOL Ex. 3; Pl.'s Opp'n, Ex. 2. Based on this statement and the allegations in plaintiff's underlying civil complaint, Allstate denied Johnson a defense in the Superior Court Action on June 29, 2010. DSUF ¶ 7; PSGD ¶ 5. After Allstate denied Johnson coverage, plaintiff and Johnson entered into a stipulated judgment for $300,000 in the Superior Court Action. DSUF ¶ 9; PSGD ¶ 8. In the stipulation, Johnson assigned all of his rights against Allstate to plaintiff in exchange for plaintiff's promise not to execute the judgment against Johnson. DSUF ¶ 9; PSGD ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

In pertinent part, the Policy provides the following express coverage:

"Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage <u>arising from an occurrence</u> to which this policy applies.

. . .

"Occurrence" – means <u>an accident</u> . . . during the policy period, resulting in bodily injury or property damage."

DSUF ¶ 2. (emphasis added).[2]

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986); <u>see also</u> Fed. R. Civ. P. 56(c), (e).  The

---

[2] Plaintiff asserts that the relevant policy language is contained within an <u>exclusionary</u> clause, not a <u>coverage</u> clause.  Pl.'s Opp'n at 9.  In support of this proposition, plaintiff directs the Court to the Policy as provided by defendant.  <u>Id.</u>  A review of the Policy, however, reveals that the relevant language is within a coverage clause, not an exclusionary clause.  Def.'s NOL Ex. 1.  Because interpretation of an insurance contract is a matter of law, <u>see generally</u> <u>Waller v. Truck Ins. Exch., Inc.</u>, 11 Cal. 4th 1 (1995), plaintiff's unsupported assertion does not give rise to a genuine dispute of material fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
|---|---|---|---|
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## IV.  DISCUSSION

### A.  Plaintiff's Claim for Breach of Contract

Plaintiff asserts a claim for breach of contract, arguing that Allstate improperly denied a defense to Johnson in the Superior Court Action brought by plaintiff against Johnson for injuries arising from the October 17, 2007 altercation.  Whether there is a duty to defend turns upon "those facts known by the insurer at the inception of a third party lawsuit."  Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 295 (1993).  The duty to defend exists if the insurer "becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 19 (1995) (emphasis added); Gauntlett v. Illinois Union Ins. Co., 2012 WL 4051218 at *6 (N.D. Cal. Sept. 13, 2012) ("Whether coverage exists does not depend on the labels given to the causes of action in the third party complaint; instead it rests on whether the alleged facts or known extrinsic facts reveal a possibility that the claim may be covered by the policy.").  "[I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

coverage, the duty to defend does not arise in the first instance." Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 655 (2005); Waller, 11 Cal. 4th at 19 ("[W]here the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability."). Importantly, "[w]hen determining whether a particular policy provides a potential for coverage and a duty to defend, [courts] are guided by the principle that interpretation of an insurance policy is a question of law." Waller, 11 Cal. 4th at 18.

The Policy expressly covers "bodily injury . . . arising from an occurrence" and defines an "occurrence" as "an accident . . . resulting in bodily injury." In the context of liability insurance, an accident is "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." Delgado v. Interinsurance Exch. of Auto. Club of S. California, 47 Cal. 4th 302, 308 (2009) (internal quotations omitted). "This common law construction of the term 'accident' becomes part of the policy and precludes any assertion that the term is ambiguous." Id. (internal quotations omitted). "Under California law, the word "accident" in the coverage clause of a liability policy refers to the conduct of the insured for which liability is sought to be imposed on the insured." Id. at 11. Moreover, in Delgado the California Supreme Court definitively held that an insured's act is not an "accident" within the meaning of an insurance policy where the act "is purposeful and intentional regardless of the reason or motivation for the act." Id. at 314 (finding insured's injury-causing acts intentional, and thus not an "accident," even though the insured's acts were motivated by an unreasonable belief in the need for self-defense).

Defendant argues that summary judgment should be entered as to this claim because Johnson intentionally struck plaintiff on October 17,2007–whether he acted in self-defense or otherwise–and thus his acts did not constitute an "occurrence" within the meaning of the Policy. The Court agrees. At the inception of the Superior Court Action, Allstate had two sources of information regarding plaintiff's claims: plaintiff's complaint and the recorded statement that Johnson provided to Allstate after plaintiff's complaint was filed. Plaintiff's complaint alleged that Johnson stalked, punched, and beat plaintiff, while Johnson told Allstate that he hit and bit plaintiff in self-defense. Accepting either party's version of events, Johnson acted intentionally when he struck plaintiff. See Barks v. CastlePoint Nat. Ins. Co., 2014 WL 1286224 (C.D. Cal. Mar. 26, 2014) ("'[W]here the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury.'")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

(quoting Merced Mutual Ins. Co. v. Mendez, 213 Cal.App.3d 41, 50 (1989)).  Because both plaintiff's complaint and Johnson's statements indicated that Johnson acted intentionally when he struck plaintiff, Allstate did not have a duty to defend Johnson in the Superior Court Action.

 Plaintiff resists this conclusion on several grounds, none of which is availing.  First, plaintiff argues that this case is governed by Gray v. Zurich Insurance Co., 65 Cal.2d 263 (1966).  Plaintiff's reliance on Gray is misplaced.  In Gray, the court found that an insurer owed a duty to defend a suit accusing its insured of assault and battery, because evidence suggested that the insured may have acted in self-defense.  65 Cal.2d at 277.  However, as subsequently explained in Delgado, "the policy's coverage clause in *Gray* did *not* define coverage in terms of injuries resulting from "an accident." [Instead], [i]t stated that the insurer would defend its insured against "'any suit'" alleging "'bodily injury or property damage . . . even if any of the allegations are groundless, false or fraudulent.'"  47 Cal. 4th at 313.  "Reject[ing] the notion that an insured's mistake of fact or law transforms a knowingly and purposefully inflicted harm into an accidental injury," id. at 312, the Delgado court concluded that, where an insurance policy covers injuries resulting from "an accident," the fact that an insured claims to have acted in self-defense does not render the insured's act accidental.  Here, as in Delgado, the Policy defines coverage in terms of an "accident."  Accordingly, Delgado–and not Gray–controls the outcome of this claim.

 Moreover, although plaintiff cites language from the Policy stating that Allstate "will provide a defense . . . even if the allegations are groundless, false or fraudulent," Pl.'s Opp'n at 9, plaintiff takes this statement out of context.  In full, that section of the Policy reads:

> "We may investigate or settle any claim or suit for covered damages against an insured person.  If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent."

Def.'s NOL Ex. 1. (emphasis added).  The paragraph immediately preceding this language explains that "covered damages" are those "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies . . . ."  Id. (emphasis added).  Because an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

"occurrence" is an "accident"–and Johnson's actions did not constitute an "accident"–injuries resulting from Johnson's actions were not "covered damages" and this argument must fail.  See J. Croskey et al. Cal. Prac. Guide: Ins. Lit. Ch. 7B-C at ¶ 7:523.3 (Rutter 2011) ("Some insurance policies specify the insurer's duty to defend a suit "even if any of the allegations . . . are groundless, false or fraudulent."  Such provisions are interpreted in light of the coverage language . . [i].e., the insurer is not obligated to defend actions as to which there is no potential coverage under the policy.").

Plaintiff also argues that because plaintiff's complaint alleged general negligence, this apprised Allstate that there was a potential for coverage.  However, allegations of negligence in a complaint do not give rise to a potential for coverage and a corresponding duty to defend where, as here, the complaint's underlying facts reveal there is no potential for coverage.  Swain v. California Cas. Ins. Co., 99 Cal. App. 4th 1, 8 (2002) ("A general boilerplate pleading of "negligence" adds nothing to a complaint otherwise devoid of *facts* giving rise to a potential for covered liability."); Gray v. Zurich Ins. Co., 65 Cal. 2d 263, 276 (1966) ("In light of the likely overstatement of the complaint and of the plasticity of modern pleading, we should hardly designate the third party as the arbiter of the policy's coverage.").

Plaintiff next argues that Johnson's acquittal on the criminal charges arising from the October 17, 2007 incident gave rise to Allstate's duty to defend Johnson in the civil action.  This argument also must fail.  Johnson's acquittal did not render his October 17, 2007 actions accidental where the underlying facts of plaintiff's civil complaint, coupled with Johnson's own statements to Allstate, indicated that Johnson intentionally bit and hit plaintiff.  See Quan v. Truck Ins. Exch., 67 Cal. App. 4th 583, 593(1998) (holding that there was no potential for coverage in sexual assault case, even where criminal charges against insured had previously been dismissed).

Finally, plaintiff contends that Johnson's claim of self-defense gave rise to a duty to defend.  However, as the Supreme Court concluded in Delgado, discussed *supra*, a claim of self-defense does not render intentional conduct "accidental" within the meaning of the relevant coverage clause in the Policy.  See also J. Croskey et al., Cal. Prac. Guide: Ins. Lit. Ch. 7A-C at ¶ 7:44.8 (Rutter 2011) ("[W]hether the insured believed his or her conduct was justified does not affect whether it was accidental.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

The Court finds that Johnson's October 17, 2007 actions did not constitute an "occurrence" within the meaning of the Policy, and thus Allstate did not breach its duty to defend Johnson in the Superior Court Action.  Accordingly, the Court GRANTS defendant's motion for summary judgment as to this claim.

> **B.   Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiff also asserts a claim for breach of the covenant of good faith and fair dealing arising from Allstate's refusal to defend Johnson.  In the insurance context, a claim for bad faith arises when an insurer unreasonably withholds a benefit due under an insurance policy.  2 Witkin, Summ Cal. Law § 240 (10th ed. 2005); Morris v. Paul Revere Life Ins. Co., 109 Cal. App. 4th 966, 973 (2003).  However, "if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer."  Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995) (emphasis in original); accord, Gunderson v. Fire Ins. Exch., 37 Cal. App. 4th 1106 at 1119 (1995) ("Because there was no breach of the insurance contract, appellants' bad faith claim also fails").  Thus, because plaintiff's breach of contract claim fails, plaintiff's claim for breach of the covenant of good faith and fair dealing necessarily fails as well.  Accordingly, the Court GRANTS defendant's motion for summary judgment as to this claim.

> **C.   Plaintiff's Claims for Emotional Distress and Exemplary Damages**

Plaintiff's First Amended Complaint states claims for emotional distress and punitive damages arising from Allstate's alleged breach of the duty to defend and breach of the covenant of good faith and fair dealing.  FAC at 11-13.[3]  Because plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing fail,

---

[3] Although plaintiff does not address these claims in her opposition to Allstate's motion for summary judgment, Allstate addresses these claims in its motion.  Plaintiff's failure to address her claims in her opposition may be deemed to be consent to granting the motion.  See Local Rule 7-12.  In any event, the claims are properly subject to summary adjudication.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-04665-CAS(PLAx) | Date | August 25, 2014 |
| Title | SHARON DAVID V. ALLSTATE INSURANCE COMPANY ET AL. | | |

defendant's conduct cannot be said to manifest "extreme indifference to the plaintiff's rights" as required for an award of punitive damages.  Food Pro Int'l, Inc. v. Farmers Ins. Exch., 169 Cal. App. 4th 976, 994 (2008) (denying punitive damages).  Moreover, under California law claims for punitive damages and emotional distress are not assignable, and thus plaintiff cannot raise these claims on Johnson's behalf.  Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 942 (1976) ("[B]ecause a purely personal tort cause of action is not assignable in California, it must be concluded that damage for emotional distress is not assignable.  [Citations omitted.]  The same is true of a claim for punitive damage."); accord Essex Ins. Co. v. Five Star Dye House, Inc., 38 Cal. 4th 1252, 1263 (2006).  Accordingly, the Court GRANTS defendant's motion for summary judgment as to these claims.

**V.   CONCLUSION**

In accordance with the foregoing, defendant's motion for summary judgment is hereby GRANTED in its entirety.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |